Julia Vizvary, Petitioner v. Commonwealth of Pennsylvania, Department of Public Welfare, Respondent.

Argued June 7, 1982, before President Judge CRUMLISH and Judges WILLIAMS, JR. and DOYLE, sitting as a panel of three.

*Joseph P. Garay, Malis, Tolson & Malis,* for petitioner.

*Catherine Stewart,* Assistant Counsel, for respondent.

OPINION BY JUDGE DOYLE, July 12, 1982:

Julia Vizvary (Petitioner) appeals here from a Final Administrative Action Order of the Office of Hearings and Appeals (Office) of the Pennsylvania Department of Public Welfare (D.P.W.) which affirmed a hearing examiner's affirmance of a decision by the Philadelphia County Board of Assistance (Board) to discontinue her State Blind Pension (S.B.P.). We will reverse.

Petitioner, who is blind, applied for, and received a S.B.P. in the amount of $85.00 per month in 1977. At the time she applied for this pension, Petitioner's sole source of income was social security benefits which she received in the amount of $150.00 per month. These benefits were subsequently increased in 1980 to $414.10 per month as a result of the death of her husband, and in response to this increase the Board decided to redetermine Petitioner's eligibility for a S.B.P. As a result of this redetermination, the Board concluded that Petitioner's new yearly income of $4,969.20 from social security benefits disqualified Petitioner from receiving a S.B.P. since her income now exceeded the annual income limitation of $4,260.00 provided for in Section 506(3) of the Public Welfare Code (Code), Act of June 13, 1967, P.L. 31, *as amended,* 62 P.S. §506(3). Petitioner subsequently appealed this determination to a D.P.W. hearing examiner alleging that under the provisions of Section 506(6) of the Code, 62 P.S. §506(6), and Section 451.4(a)(2) of the Public Assistance Eligibility Manual (PAEM), her increase in social security benefits was to be disregarded for the purpose of determining her income eligibility for a S.B.P., and hence, that the Board erred as a matter of law by determining that she was no longer eligible for a S.B.P. Following a fair hearing, however, the hearing examiner concluded, without analysis, that the statutory provisions cited by Petitioner only pertained to cost of living increases in social security benefits, and not to an increase in benefits resulting from the death of a spouse, and accordingly affirmed the Board's determination. Upon a further appeal, the Office affirmed the hearing examiner's decision, and the present appeal followed.

Before this Court, Petitioner alleges that the Office erred as a matter of law by concluding that the provisions of Section 506(6) of the Code and Section

451.4(a)(2) of the PAEM were limited to social security cost of living increases. We agree.

Section 506 of the Code, 62 P.S. §506 provides in pertinent part that:

> The Department shall provide a State blind pension to any blind person who:
>
> . . .
>
> (2) Has actual annual income of his own of less than four thousand two hundred sixty dollars ($4,260.00)
>
> . . .
>
> (6) ... *determination of the amount of an applicant's income shall exclude any increase in (i) social security payments to him provided under Federal law and taking effect subsequent to January 1, 1971* .... (Emphasis added.)

Section 451.4(a)(2) of the PAEM in turn provides in pertinent part as follows:

> (i) The amount of monthly OASDI [social security benefits] for purposes of S.B.P. eligibility will be determined as follows:
>
> (A) Determine the monthly amount of OASDI as the monthly benefit received on 1/1/71 or the monthly benefit awarded after 1/1/71, then
>
> (B) Disregard the first $4.00 from the monthly benefit, and
>
> (C) *Disregard any future increases*

It is clear from the unambiguous statutory language noted above that for the purposes of determining income eligibility for a S.B.P., the D.P.W. must only look to the monthly amount of social security benefits a claimant *initially* received on or after January 1, 1971, and that *any* future increase in benefits is

to be disregarded. Furthermore, after carefully reviewing the Code and the PAEM we fail to see, and the D.P.W. has failed to cite, any other statutory provision which would limit the unambiguous language of Section 506(6) of the Code and Section 451.4(a)(2) of the PAEM to annual social security cost of living increases.

Accordingly, we will enter the following

ORDER

Now, July 12, 1982, the Final Administrative Action Order of the Office of Hearings and Appeals of the Pennsylvania Department of Public Welfare, dated April 14, 1981, is reversed, and the Department of Public Welfare is hereby directed to (1) reinstate the State Blind Pension of the Petitioner, Julia Vizvary, and (2) to pay her past benefits accruing from the date of the suspension of her State Blind Pension.